USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HAWAII STRUCTURAL IRONWORKERS PENSION TRUST FUND, Individually and on behalf of all others similarly situated, | : : : : : | Civil Action No. 1:18-cv-00299-AJN (Consolidated for all purposes with Civil Action No. 1:18-cv-00510-AJN) |
| Plaintiff, | : : | |
| v. | : : | |
| AMC ENTERTAINMENT HOLDINGS, INC., *et al.*, | : : : | |
| Defendants. | : | |

# FINAL JUDGMENT

This matter came for hearing on February 10, 2022 (the "Final Approval Hearing"), on the application of the International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware and the Hawaii Iron Workers Pension Trust Fund (together, "Plaintiffs"), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement ("Stipulation") filed with this Court on November 1, 2021 for the settlement of all claims asserted by Plaintiffs, on behalf of themselves and the Class, against Defendants AMC Entertainment Holdings, Inc. ("AMC" or the "Company"), Adam M. Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Mao Jun Zeng, Anthony J. Saich, Lloyd Hill, Gary F. Locke, Howard W. Koch, Jr., and Kathleen M. Pawlus (collectively, the "Individual Defendants" and, together with AMC, the "AMC Defendants"), and Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), Barclays Capital Inc., and Credit Suisse Securities (USA) LLC (collectively, the "Underwriter Defendants" and, together with the AMC Defendants, "Defendants"), in the above-captioned Action, should be approved as

fair, reasonable, adequate, and in the best interest of the Class Members; and whether Judgment should be entered dismissing the Action with prejudice and releasing the Class Members' Released Claims against all Released Parties.

The Court, having considered all matters submitted to it at the Final Approval Hearing and otherwise, **IT IS HEREBY ORDERED:**

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms that are not defined herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. On March 30, 2021, this Court certified the Class in this Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, which includes: all persons and entities who purchased or otherwise acquired AMC Class A common shares in the Company's SPO on or about February 8, 2017, as well as all persons and entities who purchased or otherwise acquired the common stock of AMC Entertainment Holdings, Inc. (ticker symbol: AMC) between December 20, 2016 and August 1, 2017, both dates inclusive. Excluded from the Class are: (i) Defendants, directors, officers, and other employees of AMC, their families, and any entities in which any of the Defendants have a majority interest, the legal representatives, heirs, successors, predecessors-in-interest, or assigns of any of the Defendants, and the Judge(s) to whom this case is assigned, provided, however, that any Investment Vehicle shall not be excluded from the Class; and (ii) any putative members of the Class who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice and Rule 23 of the Federal Rules of Civil Procedure, who are listed on Exhibit A hereto.

4. Notice of the pendency of the Action as a class action and of the Settlement was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of: Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process clause); and all other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of the Action was directed to all persons and entities who are Class Members, advising them of the Settlement, and of their right to object thereto or exclude themselves therefrom, and a full and fair opportunity was accorded to all persons and entities that are Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Judgment.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and undertaken with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

8. The Action and all Released Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Stipulation.

9. Upon the Effective Date, Plaintiffs and each of the Class Members (on behalf of themselves and each of their respective present and former directors, officers, employees, parents, subsidiaries, related or affiliated entities, shareholders, members, divisions, partners, joint ventures, family members, spouses, domestic partners, heirs, principals, agents, owners, fiduciaries, personal or legal representatives, attorneys, auditors, accountants, advisors, banks or bankers, insurers, reinsurers, trustees, trusts, estates, executors, administrators, predecessors, successors, assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Class Member actually submits a Proof of Claim Form, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and Litigation Expenses, shall be deemed to have and by operation of the Judgment shall have fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every Released Claim against each and every Released Party, shall have covenanted not to sue the Released Parties with respect to any of the Released Claims, and shall forever be barred and

enjoined from commencing, instituting, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claim (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of this Action, against any Released Party.

10. Upon the Effective Date, each of the Released Parties, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, assigns, successors and predecessors, estates, heirs, executors, administrators, and the respective officers, directors, shareholders, agents, legal representatives, spouses and any persons or entities they represent, shall, with respect to each and every one of Settled Defendants' Claims, release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from instituting, commencing, or prosecuting the Settled Defendants' Claims against Class Representatives, Class Members, or their counsel.

11. Notwithstanding any of the releases above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation, the Preliminary Approval Order, or this Judgment.

12. The fact and terms of the Stipulation, including all exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Stipulation, and any act performed or document signed in connection with the Stipulation:

a) shall not be offered or received against Defendants or the other Released Parties or Plaintiffs or any of the other Class Members as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties or Plaintiffs or the other Class Members with respect to the truth of any fact

alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants or the other Released Parties;

b) shall not be offered or received against (i) Defendants or the other Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or other Released Party, or (ii) Plaintiffs or any of the other Class Members as evidence of any infirmity in the claims of Plaintiffs and the other Class Members;

c) shall not be offered or received against Defendants or the other Released Parties or Plaintiffs or any of the other Class Members as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Defendants or other Released Parties, Plaintiffs or any of the other Class Members, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and this Judgment; provided, however, that the Released Parties may refer to the Stipulation and this Judgment in any action that may be brought against them to effectuate the liability protection granted to them under the Stipulation and this Judgment, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, release,

6

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

d) shall not be construed against Defendants or the other Released Parties, Defendants' Counsel, Class Counsel, Plaintiffs, or any of the other Class Members as an admission or concession that the consideration to be paid hereunder represents the amount that could be or would have been recovered after trial or that any damages potentially recoverable in the Action would have exceeded or would have been less than the Settlement Amount; and

e) shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Class Members or any of them that any of their claims are without merit.

13. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement and the Stipulation; (b) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Judgment; (e) enforcing and administering the Settlement and the Stipulation, including any releases executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

14. A separate order shall be entered regarding Class Counsel's application for an award of attorneys' fees and Litigation Expenses. Such order shall not disturb or affect any of the terms of this Judgment.

15. The Plan of Allocation submitted by Plaintiffs, as described in the Notice and in accordance with ¶ 1(y) of the Stipulation, is hereby approved as fair, reasonable, and adequate. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

16. In the event that the Settlement does not become effective in accordance with its terms or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or any entity who paid such Settlement Amount on behalf of Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the terms of the Stipulation, and shall be vacated to the extent provided by the Stipulation, and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action, and Plaintiffs and Defendants reserve their rights to proceed in all respects as if the Settlement had not been entered into and without any prejudice in any way from the negotiation, fact, or terms of this Settlement.

17. Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

DATED: 2/14/22

_____
THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

# Exhibit A

AMC SECURITIES SETTLEMENT
C/O STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA 19063

00001367



JOB# N65670 - 010

PRESORTED FIRST CLASS
U.S. POSTAGE PAID
FARMINGDALE, NY
PERMIT NO. 225

2#

| Bought | Sold | SH'S | Sold | Cost | | |
|---|---|---|---|---|---|---|
| 6-19-17 | 12-17-20 | 500 | 1,447.48 | 12,014.55 | -43 | 62.45 |
| 9-14-17 | 10-14-20 | 1000 | 2,894.97 | 15,076.45 | -24,152.43 | |

DO NOT WANT TO BE PART OF ANYTHING

**********AUTO**MIXED AADC 117
CHRISTOPHER H STOLLSTEIMER JR
[Redacted - Personally Identifiable Information]

07

AMC

NOTE: IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE.

I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this ___ day of _____, in _____, _____
                                       (Month/Year)    (City)  (State/Country)

_____  _____
Signature of Claimant            Signature of Joint Claimant, if any

_____  _____
Print Name of Claimant           Print Name of Joint Claimant, if any

_____  _____
Date                             Date

*If Claimant is other than an individual, or is not the person completing this form, the following must also be provided:*

_____  _____
Signature of Person Completing Form   Date

_____  _____
Print Name of Person Completing Form  Capacity of Person(s) Signing, (e.g., Beneficial Purchaser, Executor or Administrator)

## REMINDER CHECKLIST

☐ 1. Please be sure to sign this Proof of Claim Form.
☐ 2. Remember to attach **COPIES OF** documentation verifying your transactions listed above.
☐ 3. **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**
☐ 4. Keep a copy of your Proof of Claim Form for your records.
☐ 5. If you move, please send your new address to the Claims Administrator at the address below:

ALBANY NY 120
6 JAN 2022 PM 2 L

FOREVER / USA
JAN 10 2022

AMC Securities Settlement
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
P.O. Box 230
Media, PA 19063

19063-023030